**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JULIE BLANCHARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-00647-JPG-PMF |
| | ) | |
| NORTH AMERICAN CREDIT | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant North American Credit Services' ("NACS") Motion (Doc. 25) to Dismiss Plaintiff's Second Amended Complaint (Doc. 24) pursuant to Federal Rule of Civil Procedure 12(b)(6).   Plaintiff filed a timely Response (Doc. 28); however, the response states that the plaintiff desires to withdraw the allegations contained in paragraphs 9-15 and 18-19 of "her Complaint."   However, Plaintiff's Second Amended Complaint contains only 18 paragraphs.   Further, the response further states that the "only remaining issue" revolves around paragraphs 16-17.   Those quoted paragraphs are paragraphs 14-15 of the Second Amended Complaint.

The Court also notes that the Defendant's Motion to Dismiss states, "Plaintiff alleges in paragraph 9:   'On June 11, 2014, the Defendant violated the FDCPA by sending her correspondence/billing documents that used signs and symbols, other than her name and address, that were viewable through the envelope window in violation of 15 USC 1692f8.'  (Doc. 26, pg 4).   However, paragraph 9 of the Plaintiff Second Amended Complaint actually states, "On June 11, 2014, the Defendant sent the Plaintiff Exhibit A1-2."   The Motion to Dismiss goes on to state that paragraphs 14-15 "address communication via a web page," when in fact, paragraphs 14-15

address nationwide credit reporting.  (Doc. 26, pg 6).  The Court is going to stop here since it appears that both parties need to reexamine the Plaintiff's Second Amended Complaint filed on April 26, 2016 and located at docket entry 24.

In order to expedite these proceedings, the Court is not going to require the parties to resubmit their motion and/or response.  The Plaintiff has indicated that she desires to withdraw several allegations within her amended complaint based upon an adverse decision in a companion case.    As such, the Court is *sua sponte* **DISMISSING** the Plaintiff's Second Amended Complaint.

The Court is aware of the untimely death of John D. Alleman, plaintiff's attorney.  In order for the plaintiff to have time to secure substitute counsel to represent her, the Court is granting plaintiff with leave to file a third-amended complaint **within 90 days** of the date of this order.  Plaintiff's new counsel is reminded to comply with Local Rule 15.1 and to ensure all referenced exhibits are attached.  Plaintiff is **WARNED** that failure to file a third amended complaint within the time allotted may result in dismissal of this matter without further action.

Defendant North American Credit Services' ("NACS") Motion (Doc. 25) to Dismiss Plaintiff's Second Amended Complaint (Doc. 24) pursuant to Federal Rule of Civil Procedure 12(b)(6) is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED:**  6/14/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**